## SMITH v. WESTON.

[No. 9,075. Filed October 5, 1916. Rehearing denied December 14, 1916.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—An assignment of error predicated on the overruling of the demurrer to the complaint is waived by failure to present it in appellant's briefs. p. 269.

2. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—*Conflicting Evidence.*

—If there is some evidence to sustain the verdict, it is neither the right nor duty of the court on appeal to weigh conflicting evidence.   p. 271.

3.   TRIAL.—*Instructions.—Statement of Law.—Scope.—Considered Together.*—In an action to recover for damages to a motorcycle caused by a collision with an automobile on a public highway, an instruction that a violation of the law regulating travel on public highways would constitute negligence, which, if the proximate cause of the damage complained of, would warrant a recovery if plaintiff was free from contributory negligence, states a correct proposition of law, and is not objectionable for failure to make allowance for sudden emergencies and the effect thereof on the question of liability, where the subject was covered by other instructions, as all the law need not be given in a single instruction, but all should be considered together.   p. 271.

From Huntington Circuit Court; *Charles K. Lucas,* Special Judge.

Action by Boston Weston against William F. Smith. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*C. W. Watkins* and *George M. Eberhart,* for appellant.
*Fred H. Bowers* and *Milo Feightner,* for appellee.

FELT, J.—This is a suit for damages to personal property brought by appellee against appellant. The jury returned a verdict for $180, and over appellant's motion for a new trial judgment was rendered on the verdict.

Appellant has assigned as error the overruling of his demurrer to the complaint and the overruling of the motion for a new trial. The first alleged error is waived by failing to present the same in the briefs. Under the motion for a new trial appellant questions the sufficiency of the evidence and the giving of certain instructions and the refusal to give others tendered by appellant.

The gist of the complaint is that appellee, while riding a motorcycle west on a public street in the city of Huntington, Indiana, met appellant driving an automobile in the opposite direction; that appellant negligently drove his automobile to the left of the center of said highway and

negligently ran the same into and against appellee's motorcycle, and thereby broke and damaged the same; that when so .struck appellee was on the right-hand side of the center of the street and the collision was not caused, or contributed to, by any fault or negligence on his part and was wholly due to the aforesaid negligence of appellant.

Appellant contends that the evidence conclusively shows that the collision was caused or contributed to by the negligence of appellee; that he came suddenly from an alley at a rapid rate of speed and drove in such a zigzag course as to cause appellant to believe it was necessary for him to turn to the left to avoid a collision; that he did so and then turned to the right in a good-faith effort to avoid a collision, when appellee suddenly turned his motorcycle to the left and collided with his machine near the center of the street.

We have examined the evidence and find that there is a sharp conflict upon many material propositions. While there is some evidence tending to support appellant's contention, it is by no means uncontradicted. There is evidence tending to show that appellee came from an alley opening into the south side of the street where the collision occurred, when appellant was driving east along the highway, but west of the mouth of the alley; that appellee crossed the street to the north side and then turned west and drove a distance, variously estimated at from forty to seventy feet, before he met appellant; that in going that distance the motorcycle kept within three or four feet of the curb on the north side of the street; that as appellant approached appellee he turned his automobile to the left side of the street and so near the curb that appellee did not have room to pass; that the collision occurred north of the center of the street and near the curb; that the motorcycle was dragged about eighteen feet in a diagonal direction across the street before the car stopped, and when stopped it was near the center of the street. Some of the

witnesses say appellee turned slightly to the left around a defect in the street just before the collision occurred, but most of such witnesses say the collision occurred only four or five feet from the north curb, and north of the center of the traveled or paved portion of the street; that appellant did not turn back toward the center of the street until about the time of the collision. There is no evidence that the view of either was obstructed after appellee came into the street. There is evidence to sustain the verdict, and in such case it is neither our right nor duty to weigh conflicting evidence.

Appellant complains of the giving of instruction No. 2, which in substance told the jury that a violation of the law regulating travel on public highways by appellant, as alleged, would constitute negligence, which if shown to be the proximate cause of appellee's injury would warrant a recovery if appellee was himself free from negligence contributing to the injury complained of. The objection urged against the instruction is that it makes no allowance for sudden emergencies which may arise and affect the application of the general rule.

The instruction states a correct proposition of law. The court is not required to give all the law in a single instruction. In other instructions the court very fully covered the proposition of sudden emergencies and conditions that may arise and affect the question of liability. Instructions are to be considered together and when read in the light of the other instructions, the one complained of is not objectionable, but entirely proper under the issues and facts of the case.

Complaint is also made of the refusal of the court to give the jury instructions Nos. 6, 8, 9, 10, 11 and 13, tendered by appellant. We have examined all the instructions tendered and refused and those given by the court. Instructions Nos. 6, 9, 10, and 13 tendered by appellant, so far as correct and applicable to the case, were fully covered by

others given. Instructions Nos. 8 and 11, so tendered, are not accurate statements of the law and were properly refused for that reason and also for the reason' last above stated. Instruction No. 11 also invades the province of the jury. Several of the instructions refused were in substance duplications of others tendered by appellant and given by the court. Instructions Nos. 12 and 14, tendered by appellant and given by the court, fully cover the propositions mainly relied on by appellant, of sudden peril, unusual conditions and good-faith effort on the part of appellant to avoid a collision. The case seems to have been fairly tried. Appellant was deprived of no substantial right which in any way affected the result. No reversible error is shown. Judgment affirmed.

NOTE.—Reported in 113 N. E. 757. See under (3) 38 Cyc 1778, 1781.